# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**ARTEZ OLIVER**                                                                 **PLAINTIFF**

**V.**                          **NO. 3:25-cv-295-DPM-ERE**

**HALEY HOOTON,** *et al.*                                                       **DEFENDANTS**

## INITIAL ORDER FOR *PRO SE* PRISONER-PLAINTIFFS

You have filed this federal civil rights lawsuit *pro se*, that is, without the help of a lawyer. There are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. Copies of rules can be found in the prison library.

In particular, Local Rule 5.5(c)(2) explains requirements for plaintiffs, like you, who are not represented by a lawyer:

1. You must promptly notify the Clerk and the other parties in the case of any change in address. You must inform the Court if you are transferred from one unit to another. Notifying the Court of your change in address is especially important if you are released from custody while your lawsuit is pending. If you do not keep the Court informed as to your current address, your lawsuit can be dismissed.
2. You must monitor the progress of your case and prosecute the case diligently.
3. You must sign all pleadings and other papers filed with the Court, and each paper you file must include your current address.
4. If you fail to timely respond to a Court Order directing action on your part, the case may be dismissed, without prejudice.

**Second: The Three Strikes Rule.** The Prison Litigation Reform Act, 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**Third: Service of Defendants.** It is your responsibility to identify all Defendants, including any "John/Jane Doe" Defendants. If you are allowed to proceed IFP, the Court will order service of any claims that survive screening on all properly identified Defendants. However, you are responsible for providing sufficient identifying information and valid service addresses for each Defendant. Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit. **Service is not proper at this time.**

**Fourth: No Right to Appointed Counsel.** This is a civil case. Unlike criminal cases, there is no right to have an appointed lawyer in a civil case. If your case proceeds to a trial, however, a lawyer may be appointed to assist you before trial.

**Fifth: Do Not File Your Discovery Requests.** Discovery requests, such as interrogatories and requests for documents, are not to be filed with the Court. Instead, discovery requests should be sent to counsel for the defendant (or directly to the defendant if he or she is not represented by a lawyer). See FED. R. CIV. P. 5(d). Do not mail discovery requests to Defendants' counsel (or a *pro se* Defendant) until that Defendant has filed an answer or motion to dismiss.

**Sixth: Do Not Send Documents to Court Except in Two Situations.** You may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the Court orders you to send documents or other evidence.

**Seventh: Provide a Witness List.** If your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing the witness list, the Court will subpoena necessary witnesses.

**Eighth: Pay the Filing Fee.** Every civil case filed by a prisoner –including this one – requires the plaintiff to pay a filing fee either at the beginning of the lawsuit or, if eligible, to apply to proceed *in forma pauperis* (IFP) and pay the filing fee in monthly installments.

Court records show that you are a three-striker.[1] **Thus, you can proceed IFP only if you are currently in imminent danger of serious physical injury**. See 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Here, among other claims, you generally allege that unidentified officers have denied you medical, including mental health, treatment and medication.[2] However, you fail to specifically allege: (1) who denied you medical treatment or medication; (2) what treatment and medication you were denied; (3) how long you were denied any medical treatment or medication; and (4) what injury you suffered as a result of any denial of medical treatment or medication.[3] As a result, as stated, these alleged facts are not sufficient to show that you are in imminent danger of serious physical injury.

---

[1] The following dismissals should be considered "strikes" for purposes of 28 U.S.C. § 1915(g): *Oliver v. Bradley, et al.*, E.D. Ark. Case No. 1:17-cv-102-KGB (Oct. 26, 2018 dismissal for failure to state a claim); *Oliver v. Cook, et al.*, E.D. Ark. Case No. 3:17-cv-39-BSM (April 14, 2017 dismissal for same); *Oliver v. Cook*, E.D. Ark. Case No. 3:16-cv-350-DPM (Feb. 9, 2017 dismissal for same).

[2] Mr. Oliver also alleges that: (1) in September 2025, an unidentified officer struck him in the face twice; (2) unidentified officers have confiscated his personal property; (3) the conditions of his confinement are unconstitutional; and (4) unidentified officers have discriminated against him.

[3] To state a plausible claim for medical deliberate indifference, claim, Mr. Oliver must allege facts that, taken as true, support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) each Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). In addition, when a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota*, 557 F.3d 628, 633 (8th Cir. 2009).

However, the Court will hold your IFP motion in abeyance to allow you to file an amended complaint clarifying your constitutional claims.[4]

IT IS THEREFORE ORDERED THAT:

1. Mr. Oliver's IFP motion will be held in abeyance.

2. Mr. Oliver may file a signed, amended complaint within thirty (30) days of the entry of this Order.

3. If Mr. Oliver fails to file an amended complaint, the Court will deny his motion for leave to proceed IFP and order him to pay the statutory filing fee within 30 days.

4. Mr. Oliver's amended complaint, if filed, should: (1) identify those individuals who denied him medical treatment or medication; (2) explain what medical treatment and medication he was denied; (3) state how long he was denied medical treatment or medication; and (4) describe any injury he suffered as a result of each Defendant's alleged unconstitutional conduct.

5. The Clerk is instructed to provide Mr. Oliver a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

---

[4] Mr. Oliver also failed to sign the complaint submitted by Mr. Jackson as required by this Court's Local Rules. See Local Rule 5.5(c) (2) ("A party appearing for himself/herself [*pro se*] shall sign his/her pleadings . . ."). Mr. Oliver must sign any amended complaint or other pleading filed in this case.

IT IS SO ORDERED 6 January 2026.

_____
UNITED STATES MAGISTRATE JUDGE